## Peoples Bank v. Neiman

*Arnold, Bricker & Beyer,* for plaintiff.
*Merrill L. Hassel,* for defendants.

BURKHOLDER, J., May 27, 1955.—Plaintiff issued a writ of replevin with bond on November 17, 1954, for a 1954 Ford Coupe. After the writ was reissued twice the sheriff seized this automobile on January 31, 1955, and the next day Arlene L. Neiman and Henry W. Neiman, defendants in possession, filed their counter bond so that the automobile remains in their possession.

On February 2, 1955, plaintiff filed its complaint and on February 15, 1955, defendants in possession filed preliminary objections to the complaint. In order to dispose of the preliminary objections it is necessary to assume that all of the material facts pleaded in the complaint are true. They are as follows:

The Peoples National Bank, Hartsville, S. C., plaintiff, on June 16, 1954, advanced a sum of money to Thelma Turner and Roy Turner upon the security of a chattel mortgage covering a 1954 Ford Victoria Coupe, Motor no. U4NV-144558. The mortgage provided for the repayment of $1,323.76 in installments of $220.60 each to be made monthly beginning July 16, 1954, and ending December 16, 1954. This mortgage was recorded in Darlington County, S. C., on June 18, 1954, in Chattel Mortgage Book 710, at page 127.

The installment due July 16, 1954, has not been paid by Turner to the bank on account of this indebtedness to the date of the execution of the complaint on November 6, 1954. (It is not contended that Turner ever repaid any of this indebtedness.) On or about July 15, 1954, Turner removed the automobile from Darlington County, S. C., and brought it into Lancaster County, without plaintiff's written permission.

By reason of these facts plaintiff became entitled to immediate possession of the automobile under the provisions of the chattel mortgage. On November 1, 1954, less than four months after July 15, 1954, plaintiff filed a financing statement attached to a copy of this chattel mortgage, in the prothonotary's office at Lancaster County in Docket No. 2, page 30, no. 90. On August 6, 1954, defendants in possession acquired possession of the automobile from Leon's Used Car Exchange in Lancaster County. On August 13, 1954, the Commonwealth of Pennsylvania issued Certificate of Title no. B10385626 for this automobile to them.

These are the facts averred in the complaint to which defendants in possession object. A number of material averments necessary for final disposition of this action do not appear; however, certain questions raised at the argument can be resolved.

It is contended by plaintiff that its lien on the automobile continued in Pennsylvania for a period of four months from the time the automobile was brought into the State, by virtue of the provisions of subsection (3) of section 9-103 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §9-103, which provides that: "If personal property is already subject to a security interest when it is brought into this state . . . the security interest continues perfected here for four months and also thereafter if within the four month period it is perfected here." Unfortunately

for this contention, the Uniform Commercial Code does not apply to this case. The chattel mortgage was executed on June 16, 1954, and recorded in South Carolina on June 18, 1954. The Uniform Commercial Code became effective on July 1, 1954. The relevant portion of subsection (5) of section 1-105, of the Uniform Commercial Code, 12A PS §1-105, says that the provisions of the article on ". . . Secured Transactions (Article 9) apply whenever any contract or transaction within their terms is made or occurs after the effective date of this Act and falls within the provisions of . . . Sections . . . 9-103."

This language is clear and unequivocal. This case cannot be governed by the provisions of the Uniform Commercial Code. The chattel mortgage given by the Turners to plaintiff was dated June 16, 1954, and recorded in South Carolina on June 18, 1954, which was before, not after, the effective date of the act.

Since the Uniform Commercial Code does not apply to this case, the law immediately prior to the effective date of the Uniform Commercial Code must control it. This law is discussed in the opinion of the Pennsylvania Superior Court as written by Judge W. Heber Dithrich in First National Bank of Jamestown v. Sheldon, 161 Pa. Superior Ct. 265 (1947), 54 A. 2d 61, and the cases cited by him. For the purposes of this opinion it is not necessary to discuss these principles of law any further at this time.

Since the averments of the complaint do not clearly admit that defendants in possession are innocent purchasers for value without notice of plaintiff's lien, judgment cannot be entered against plaintiff in the present state of the record.

And now, May 27, 1955, defendant's objections to the complaint are overruled and defendant is given 20 days within which to file an answer.